**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DYMOND C. BROWN,**

    **Petitioner,**

    **v.**

**WARDEN DON HUDSON,**

    **Respondent**

Case No. 21-3042-JWL

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241 by a prisoner in federal custody. Petitioner challenges the execution of his sentence, claiming the Bureau of Prisons (BOP) erred in calculating his sentence and good time credit and in finding him ineligible for early release under the Residential Drug Abuse Treatment Program (RDAP).

Respondent filed a thorough Answer and Return, and petitioner filed no traverse. For the reasons that follow, the court finds petitioner is not entitled to relief.

### Background

Petitioner is serving a federal sentence of 188 months imposed in the Eastern District of Oklahoma.

Petitioner initially was arrested by state officers in Muskogee, Oklahoma, on October 6, 2006. He was released on bond, and the charges were dismissed on December 3, 2007.

On November 4, 2006, petitioner again was arrested in Muskogee and held in custody on state criminal charges.

On November 21, 2006, petitioner was transferred to federal custody on a writ of habeas corpus ad prosequendum and returned to custody the same day. There were additional single day transfers under that writ.

On July 31, 2007, he was transferred to federal custody and sentenced to a term of 262 months in the U.S. District Court for the Eastern District of Oklahoma. He was returned to state custody on the same day, and the federal judgment was lodged as a detainer. On December 12, 2007, petitioner was sentenced to a state term of ten years in Muskogee County District Court.

On March 4, 2008, petitioner was resentenced in the state cases to a suspended term of ten years and placed in the exclusive custody of federal authorities. That transfer marked the beginning date of petitioner's federal term under BOP Program Statement 5880.28, which states, "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to … the official detention facility at which the sentence is to be served."

On June 18, 2019, the federal court issued an amended judgment reducing the petitioner's federal sentence to 210 months, and on January 26, 2021, that court issued an amended judgment reducing the term to 188 months.

Additional facts are incorporated into the discussion of petitioner's claims.

## Analysis

A petition filed under 28 U.S.C. § 2241 allows a person in custody to challenge the legality of that custody. *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). Under § 2241(c)(3), the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. A § 2241 petition "attacks the execution of a

sentence rather than its validity." *Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011) (quotations omitted).

### The computation of petitioner's sentence

In computing petitioner's sentence, the BOP applied prior custody credit toward petitioner's federal sentence from October 6 to 11, 2006, and from November 4, 2006, through March 3, 2008.

Next, because petitioner's criminal conduct took place after the enactment of the Prison Litigation Reform Act, good conduct time (GCT) he earned during the service of his federal sentence can be forfeited or disallowed until the day of release. *See* 18 U.S.C. § 3624(b)(" … credit awarded under this subsection after the date of the enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.").

Petitioner also is subject to the First Step Act of 2018 (FSA), which amended 18 U.S.C. § 3624(b) to allow the application of GCT credit of "…up to 54 days of good conduct time for each year of sentence imposed by the court." Based upon petitioner's current federal sentence of 188 months, the BOP determined he is entitled to a total of 846 days of GCT, calculated at 54 days for each of 15 years, 810 days, and 4.5 days for each of the remaining 8 months of his sentence, 36 days. Due to institutional disciplinary issues, petitioner has lost 379 days of GCT, leaving him with 467 GCT days available.

Based on these calculations, the BOP has developed a sentence computation for petitioner that begins on March 8, 2008, with 492 days of total prior custody credit, yielding an Expiration Full Term date of June 29, 2022. With the available GCT of 467 days deducted, petitioner has a statutory release date of March 19, 2021.

3

The court has studied the record and agrees that the BOP's calculation of petitioner's sentence properly applies governing statutes and regulations. Petitioner offers no specific challenge to the computation, and he is not entitled to habeas relief on this claim.

## The RDAP

Through the RDAP, the BOP offers residential drug abuse treatment to prisoners who volunteer for treatment and who have a verifiable substance abuse disorder. Prisoners complete the program by fulfilling a unit-based component, follow-up services, and a transitional treatment component. Participants are subject to removal from the program for behavior that disrupts or for failure to make satisfactory progress.

Under the RDAP, the BOP may reduce the sentence of a prisoner who successfully completes the RDAP and who is convicted of a nonviolent offense. This reduction is within the discretion of the BOP, and participating prisoners are informed at the outset of the program that early release is not guaranteed.

In July 2019, while held at Atlanta USP, petitioner was found to be qualified for RDAP. He was interviewed, and a request for review of his offense conduct was submitted to the Designation and Sentence Computation Center (DSCC) for review. However, that review determined that petitioner was not eligible for early release under the governing program statement and 18 U.S.C. § 3621(e) due to an earlier state conviction within ten years of his federal conviction. The entry in the BOP's SENTRY information system states, in part:

> Inmate Brown has a prior conviction in Oklahoma on 9/5/1997 for Shooting with Intent to Kill  - Okla. Stat. Ann. Tit. 21, § 652. Id. This prior conviction will preclude him from early release eligibility pursuant to 28 C.F.R. § 550.55(b)(6) as the offense, attempted homicide, would preclude pursuant to 28 C.F.R. § 550.55(b)(4)(i).

The unit-based portion of the RDAP normally requires 9-12 months to complete. Petitioner, however, received a remediation in July 2020, due to behavioral matters. His expected transition date from the unit-based portion was scheduled for March 16, 2021.

On February 26, 2021, the Drug Abuse Program Coordinator was advised that petitioner's commitment date had been amended to January 26, 2021, the date of his most recent resentencing. This amendment meant that the disqualifying Oklahoma state conviction no longer falls within 10 years of the petitioner's commitment date and therefore, he was eligible for early release upon completion of the RDAP.

On February 23, 2021, petitioner and the Drug Abuse Program Coordinator met. Petitioner was  advised he would be held unqualified for release under RDAP if he did not complete all the requirements but was given the option to work with his Unit Team to obtain a Public Law Placement, an opportunity that allows the possibility of placement in a facility where community treatment services would be available. This would allow him to complete RDAP, though without early release. Petitioner declined.

The court agrees that petitioner is not entitled to early release based upon RDAP. First, it is apparent that he has not completed the program, as he is expected to move from the unit-based component to the residential component on March 16, 2021, only three days before his expected release.

Next, petitioner simply is not constitutionally entitled to release upon his completion of RDAP. The governing statute, 18 U.S.C. § 3621(e), does not implicate a constitutionally-protected liberty interest because it does not mandate a sentence reduction. *See Royal v. Scibana,* 309 Fed.Appx. 284, 286 (10th Cir.2009)("Just as a prisoner does not possess a constitutional right to a reduction of a valid sentence, ..., (he) does not possess

5

a constitutional right to retain provisional eligibility for the reduction of a valid sentence.")(citation omitted); *Reyes v. Ledezma,* 2009 WL 1362606 (W.D.Okla., May 14, 2009). Section 3621(e)(2)(B) does not require the BOP to grant petitioner a one-year reduction in sentence; it merely permits the BOP to do so. *See Zacher v. Tippy,* 202 F.3d 1039, 1041 (8th Cir.2000) ("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."). Thus, federal courts have consistently held that § 3621(e) does not create a liberty interest in the RDAP or in early release from confinement. *See, e.g. Cook v. Wiley,* 208 F.3d 1314, 1322–23 (11th Cir.2000)(A prisoner has no constitutional right to, or other protected liberty interest in, participation in the RDAP, or to early release upon completion of the RDAP.).

## Conclusion

For the reasons set forth, the court concludes petitioner is not entitled to habeas corpus relief. He has shown no ground to disturb the calculation of his sentence, and he has no constitutionally protected interest in sentence reduction under the RDAP.

THE COURT THEREFORE ORDERS that the petition for habeas corpus is dismissed and all relief is denied.

THE COURT FURTHER ORDERS that petitioner's motion for emergency injunctive relief (Doc. 2) is denied.

IT IS SO ORDERED.

Dated: March 5, 2021        /s/ John W. Lungstrum
                            JOHN W. LUNGSTRUM
                            UNITED STATES DISTRICT JUDGE